# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **VIOLA HILL,** | : | **MOTION TO VACATE** |
|     **Movant,** | : | **28 U.S.C. § 2255** |
| | : | |
| **v.** | : | **CRIMINAL INDICTMENT NO.** |
| | : | **1:08-CR-0190-WSD-AJB-4** |
| **UNITED STATES OF AMERICA,** | : | |
|     **Respondent.** | : | **CIVIL FILE NO.** |
| | : | **1:11-CV-4501-WSD-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

This case is before the Court on Movant's 28 U.S.C. § 2255 motion, as amended, [Doc. 317; *see* Doc. 319], Respondent's answer-response, [Doc. 321], and Movant's reply, [Doc. 324]. For the following reasons, the undersigned **RECOMMENDS** that the motion be **DENIED**.

## I.    Background

On May 13, 2008, the Federal Grand Jury sitting in the Northern District of Georgia indicted Movant on the following counts: (1) conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349; (2-25) bank fraud, in violation of 18 U.S.C. § 1344; and (26-49) fraud with identification documents, in violation of 18 U.S.C. § 1028(a) and (b)(2). [Doc. 11.] On September 19, 2008, Movant was arrested on the federal charges against her, and on October 8, 2008, she was brought before the Court and

pleaded not guilty.[1] [Docs. 85, 96.] On October 22, 2008, Movant filed several pre-trial motions (for which the government sought a continuance of a hearing thereon to allow for additional plea negotiations and to which Movant agreed), which remained pending through January 30, 2009, when the Court determined that Movant had withdrawn her motions. [Docs. 102-106, 120, 122, 148.] Meanwhile, Movant's co-defendant, Karen Clark, filed several pre-trial motions on December 30, 2008, which remained pending until March 9, 2009. [Docs. 133-136, 158.]

On April 24, 2009, Movant pleaded guilty to counts one and thirty-one. [Doc. 173, Attach. One ¶ 1.] The government agreed, among other things, to dismiss the remaining forty-seven counts, to bring no further charges against Movant related to the charges to which she was pleading guilty, and to recommend an acceptance-of-responsibility adjustment. [*Id.* ¶¶ 2, 3, 7.] Movant waived her right to appeal her sentence and the right to attack her sentence in a collateral proceeding, with the

---

[1] Movant incorrectly indicates that she was arrested on federal charges in 2007. [*See* Doc. 317 at 7.] It is apparent that, at that time, she was arrested on state charges. [*See id*. at 3.]

exception that she could "file a direct appeal" if her guidelines offense level was greater than twenty-two.[2] [*Id.* ¶ 15; Doc. No. 267 at 66-67.]

At the guilty plea hearing, after Movant was placed under oath, the Court explained to Movant the rights that she was giving up by pleading guilty, and Movant stated that she understood. [Doc. 266 at 3-4, 7-17.] The Court asked Movant whether anyone had "even suggested that [she] not tell [the Court] the complete truth," and Movant answered, "No, sir." [*Id.* at 25.] The government reviewed the appeal waiver, and Movant stated that she understood that provision. [*Id.* at 21-24.] The Court also went over the appeal waiver, explaining the limits it placed on Movant, and Movant stated that she understood. [*Id.* at 44-45.] The Court accepted Movant's guilty plea. [*Id.* at 64.]

The Court sentenced Movant to a 109-month term of imprisonment and imposed judgment on February 22, 2010, and the remaining counts were dismissed as agreed. [Doc. 231.] Movant appealed, and the Eleventh Circuit Court of Appeals affirmed the judgment against Movant. [Docs. 239, 299.]

---

[2] The exception specifically applied to direct appeal and not to a collateral attack.

AO 72A
(Rev.8/82)

Movant now brings this § 2255 motion. Movant states that she is presenting the following three grounds for relief: (1) ineffective assistance of counsel for failing to discuss or file a motion to dismiss,[3] providing bad advice in regard to the pre-sentence investigation report, advising Movant to plead guilty without informing her of a possible defense and by telling her to say "yes" at the plea hearing although Movant did not understand, being unprepared and unprofessional, failing to present all the evidence in her possession, and failing to pursue adequately a downward departure at sentencing; (2) a violation of her speedy trial rights under 18 U.S.C. § 3161 and the Fifth Amendment; and (3) an incorrect calculation of her sentence and guidelines range.[4] [Doc. 317, Mem. at 2, 7-13 and Amended Motion at 5-8.] Movant asserts that her speedy trial rights were violated. [*Id.*, Mem. at 7.] Movant asserts that counsel was ineffective for failing to pursue a speedy trial claim and that she would not have pleaded guilty if her counsel had advised her that the charges against her were subject

---

[3] Based on Movant's memorandum, this claim is construed as a claim that counsel was ineffective for failing to discuss or file a motion to dismiss based on a speedy trial violation. [*See* Doc. 317, Mem. at 7-8.]

[4] Movant previously was allowed to amend, and the Court adheres to Movant's statement of her claims in her amended § 2255 motion. [Doc. 317.] Movant has not again moved to amend her claims, and the Court does not construe any additional claims from Movant's reply.

4

to dismissal on speedy trial grounds. [*Id.* at 7, 8.] Movant argues that counsel was ineffective for failing to adequately litigate a downward departure at sentencing. [*Id.* at 11-13.] Respondent argues, among other things, that Movant waived her speedy trial claims by pleading guilty and that she fails to show that counsel provided ineffective assistance. [Doc. 321 at 17-24.] Movant's reply does not add significantly to her previous arguments on her grounds for relief. [Doc. No. 324.]

**II.    28 U.S.C. § 2255 Standard**

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. "An evidentiary hearing is not required when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255). That is the case here, as shown in the discussion below.

**III.   Discussion**

Movant's guilty plea waived her speedy trial claims. *See United States v. Yunis*, 723 F.2d 795, 796 (11th Cir. 1984) (holding that guilty plea waived all

5

non-jurisdictional defects including right to speedy trial); *United States v. Saldana*, 505 F.2d 628, 628 (5th Cir. 1974) (same). Movant's appeal waiver waived the right to raise a collateral challenge to her sentence.[5] [*See* Doc. 173, Attach. One ¶ 15.] Further, the appeal waiver waived the right to challenge her sentence via a claim that counsel was ineffective on sentencing matters, including the handling of the pre-sentence investigation report and a downward departure. *See Williams v. United States*, 396 F.3d 1340, 1341-42 (11th Cir. 2005) (stating that a knowing and voluntarily sentence appeal waiver "precludes . . . § 2255 claims based on ineffective assistance at sentencing.").[6] This is so unless Movant can succeed on her claim that her guilty plea was involuntary based on ineffective assistance of counsel. As discussed below, Movant fails to do so.

---

[5] As discussed further below, Movant fails in her attempt to show that ineffective assistance of counsel rendered her guilty plea (or the included appeal waiver) involuntary. Further, a sentence appeal waiver is enforceable if "either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). It is noted that the Court properly questioned Movant and ascertained that she understood the appeal waiver.

[6] Although Movant was entitled to file a direct appeal regarding her sentence, her appeal waiver waived the right to raise a collateral challenge to her sentence and that waiver precludes a claim of ineffective assistance at sentencing.

6

A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show constitutionally ineffective assistance of counsel, a petitioner must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him. *Id.* at 690-92. The Court may resolve an ineffective assistance claim based on either of the above prongs. *Bottoson v. Moore*, 234 F.3d 526, 532 (11th Cir. 2000). To succeed on a claim that a guilty plea was obtained as the result of ineffective assistance of counsel, a petitioner must show that the advice she received from counsel "fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for unprofessional counsel's errors," "[s]he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 57, 59 (1985).

The federal constitution guarantees the right to a speedy trial. *See Barker v. Wingo*, 407 U.S. 514, 515 (1972). Sixth Amendment speedy trial rights attach "at the time of arrest or indictment, whichever comes first, and continues until the date of trial." *United States v. Knight*, 562 F.3d 1314, 1323 (11th Cir. 2009) (quoting *United States v. Walters*, 591 F.2d 1195, 1200 (5th Cir. 1979)). "To determine whether the government has violated the right to a speedy trial under the Sixth Amendment, a

7

district court considers four factors: (1) 'length of delay'; (2) 'the reason for the delay'; (3) 'the defendant's assertion of his right'; and (4) 'prejudice to the defendant.'" *Knight*, 562 F.3d at 1323 (quoting *Barker*, 407 U.S. at 530). Unless the length of delay is "presumptively prejudicial" – which occurs as the delay approaches one year – a district court need not consider the other factors. *Id.*; *see also Barker*, 407 U.S. at 530 ("The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.")

The Speedy Trial Act provides that a defendant's trial "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). "[T]he starting date for purposes of the [Speedy Trial] Act is the date that the defendant is delivered into federal custody." *United States v. Shahryar*, 719 F.2d 1522, 1525 (11th Cir. 1983); *see also United States v. Skanes*, 17 F.3d 1352, 1353 n.1 (11th Cir. 1994) (Although "federal arrest warrant was . . . issued and lodged with the state authorities as a detainer[, i]t was not until appellant was taken into federal custody . . . that the time constraints of the Speedy Trial Act were triggered."); *United*

8

AO 72A
(Rev.8/8 2)

*States v. Taylor*, 814 F.2d 172, 175 (5th Cir. 1987) ("An arrest made by a state officer, even if state and federal officials are cooperating at the time, does not start the running of the [time limits of the federal Speedy Trial Act]."). The Act excludes from the computed time "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). Delay from a co-defendant's pre-trial motion is excludable as to each co-defendant. *United States v. Jackson*, 544 F.3d 1176, 1186 (11th Cir. 2008); *United States v. Twitty*, 107 F.3d 1482, 1488 (11th Cir. 1997).

Movant fails to show that counsel was deficient for failing to discuss or file a motion to dismiss based on a speedy trial violation. Within a year of being indicted, Movant pleaded guilty, and three months of the delay were attributable to motions filed by Movant and her agreement to continue the hearing on those motions. That delay is insufficient to trigger any presumptive prejudice, and, absent any triggering of presumptive prejudice, there is no need to consider the other factors used to determine a violation of the constitutional right to a speedy trial. Movant fails to show a violation of her constitutional right to a speedy trial or that counsel was deficient for failing to advise her otherwise.

9

Under the Speedy Trial Act, fifty-eight unexcluded days,[7] at most, passed between Movant's October 8, 2008, appearance and her April 24, 2009, plea of guilty. Movant fails to show that counsel was deficient for failing to advise her to pursue a dismissal of charges under the Speedy Trial Act.

Although Movant asserts that counsel was unprepared and unprofessional and that counsel failed to present all the evidence in her possession, Movant fails to present any concrete argument as to how counsel's representation was so deficient on these matters as to be "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Movant does not identify any viable defense that counsel should have explained to Movant, and, thus, fails to show that counsel was deficient on that matter. Further, Movant's assertion that counsel told her to say "yes" to various questions at the plea hearing although Movant did not understand the proceedings is affirmatively contradicted by Movant's statement to the Court under oath that no one had even suggested that she should be less than completely truthful to the Court.

---

[7] Thirteen days passed between October 8 and October 22, 2008 (when Movant filed her pre-trial motions). At the time Movant's pre-trial motions were resolved, her Co-Defendant Clark's motions were pending, and remained pending until March 9, 2009. Subsequently, forty-five days passed between March 9 and April 24, 2009, when Movant pleaded guilty.

AO 72A
(Rev.8/82)

Not only does Movant fail to show that counsel performed deficiently, based on the considerable benefits that she received by pleading guilty – the dismissal of forty-seven counts, the government's agreement not to bring further charges against Movant related to the charges to which she was pleading guilty, and the government's agreement to recommend an acceptance-of-responsibility adjustment, the undersigned perceives no reasonable probability that, but for counsel's alleged errors, Movant would not have pleaded guilty and would have insisted on going to trial on all counts.

### IV. **Certificate of Appealability (COA)**

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a movant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a

11

AO 72A
(Rev.8/8
2)

different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Lott v. Attorney Gen.*, 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

It is recommended that a COA is unwarranted because it is not debatable that Movant fails to bring into question the validity of her guilty plea and appeal waiver and that her plea and appeal waiver otherwise foreclose her claims. If the Court adopts this recommendation and denies a COA, Movant is advised that she "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

12

## V. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's § 2255 motion, as amended, [Doc. 317], be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of the § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this  17th  day of  January , 2013.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)