IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VIOLA HILL,<br><br>               Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | CRIMINAL ACTION NO.<br>1:08-cr-190-WSD-AJB-4<br><br>CIVIL ACTION NO.<br>1:11-cv-4501-WSD-AJB |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Alan J. Baverman's Final Report and Recommendation [327] ("R&R") on Movant's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [310] ("Amended Section 2255 Motion"). Also before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [304] ("Original Section 2255 Motion").

**I.    BACKGROUND**[1]

On May 13, 2008, a federal grand jury indicted Movant Viola Hill

---

[1] The facts are taken from the R&R and the record. The parties have not objected to the facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

("Movant") on 24 counts of bank fraud, one count of conspiracy to commit bank fraud, and 24 counts of fraud with identification documents.  On September 19, 2008, Movant was arrested on the charges, and on October 8, 2008, she appeared in federal court and pleaded not guilty to the charges.  On October 22, 2008, Movant filed several pre-trial motions, which remained pending until Movant withdrew the motions on January 30, 2009.  On December 20, 2008, Movant's co-defendant filed several pre-trial motions, which remained pending until March 9, 2009.

On April 24, 2009, Movant pleaded guilty to the conspiracy count and to one count of fraud with identification documents.  Movant's plea was made in connection with an agreement in which the Government agreed to dismiss the remaining 47 charges, not to bring additional charges arising from the same scheme, and to recommend an "acceptance of responsibility" adjustment to Movant's sentence.  Movant agreed to waive her rights to appeal her sentence and to challenge her sentence in a collateral proceeding, with the exception that could "file a direct appeal," but not a collateral challenge, if her offense level under the U.S. Sentencing Guidelines (the "Guidelines") was greater than 22.

At the guilty plea hearing, the Court explained to Movant the rights she was giving up by pleading guilty, and Movant, under oath, stated that she understood.

Movant also denied that anyone had "even suggested that [she] not tell the complete truth" to the Court, and Movant stated that she understood her appeal waiver. The Court accepted Movant's plea.

On February 19, 2010, after finding Movant's offense level to be 28, the Court sentenced Movant to 109 months in prison and dismissed the remaining counts. Movant appealed her sentence to the U.S. Court of Appeals for the Eleventh Circuit. On appeal, she challenged only the Court's imposition of the "sophisticated means" enhancement, under § 2B1.1(b)(9)(C) of the Guidelines, and the "organizer or leader" enhancement, under § 3B1.1(a) of the Guidelines. On March 16, 2011, the Eleventh Circuit affirmed Movant's conviction and sentence.

On December 22, 2011, Movant filed her Original Section 2255 Motion. On February 1, 2012, Movant moved for leave to file her Amended Section 2255 Motion. The motion for leave was granted, and on March 20, 2012, Movant filed her Amended Section 2255 Motion.[2]

In the Amended Section 2255 Motion, Movant seeks to have her sentence vacated on the following grounds: (i) she was afforded ineffective assistance of counsel because her trial counsel failed to discuss or file a motion to dismiss based

---

[2] Because the Amended Section 2255 Motion supersedes the Original Section 2255 Motion, the Court considers the Original Section 2255 Motion withdrawn, and it is denied as moot.

on a "speedy trial" violation, provided bad advice regarding the pre-sentence investigation report, advised Movant to plead guilty despite a possible defense and to answer "yes" at the plea hearing even though Movant did not understand the hearing, was generally unprepared and unprofessional, failed to present all evidence, and failed to adequately pursue a downward departure at sentencing; (ii) she suffered a violation of her "speedy trial" rights; and (iii) her sentence and Guidelines range were calculated incorrectly.

On January 17, 2013, Judge Baverman issued his R&R on the Amended Section 2255 Motion. Judge Baverman found that Movant's "speedy trial" claims were waived by her guilty plea. Judge Baverman further found that Movant's appeal waiver, agreed to in connection with her guilty plea, precludes collateral review, under 28 U.S.C. § 2255, of Movant's sentence, including the ineffective assistance claims and sentence calculation claim, unless Movant succeeds in showing that her guilty plea was involuntary because of the ineffective assistance of counsel.

To determine whether ineffective assistance rendered Movant's plea involuntary, Judge Baverman applied the two-prong standard set forth in Strickland v. Washington, 466 U.S. 668 (1984): (i) whether counsel's representation was deficient; and (ii) whether Movant was prejudiced by the

deficient representation. With regard to Movant's claim that her attorney failed to pursue a "speedy trial" defense, Judge Baverman concluded that counsel was not deficient because Movant's "speedy trial" rights were not violated. Movant did not suffer a constitutional "speedy trial" violation because the time between Movant's indictment and her guilty plea, less than one year, was not "presumptively prejudicial." Movant did not suffer a statutory "speedy trial" violation because, excluding the time during which Movant's and her co-defendant's pre-trial motions were pending, no more than 58 days elapsed between the time of Movant's first appearance in federal court and her guilty plea.

With regard to Movant's other claims of ineffective assistance, Judge Baverman found that Movant did not show any particular deficiencies because Movant failed to identify any viable defense that counsel failed to explain to Movant. He further found that Movant's claim that she answered "yes" to a question about whether she understood the plea hearing only because her lawyer told her to answer questions affirmatively, is contradicted by Movant's sworn testimony that no one "even suggested" she be untruthful to the Court.

Finding all of Movant's arguments to be without merit, Judge Baverman recommends in his R&R that the Amended Section 2255 Motion be denied. Judge Baverman further recommends that the Court deny Movant a certificate of

appealability because it is not debatable that Movant is not entitled to relief under Section 2255.

On January 17, 2013, Judge Baverman issued an order directing the Clerk to serve Movant with the R&R and informing Movant that any objections to the R&R would be due within fourteen (14) days of its service.  On January 30, 2013, Movant requested an extension of time in which to file objections to the R&R.  On February 1, 2013, the Court granted Movant's request and extended her deadline to file objections to February 25, 2013.  Petitioner did not file objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. IV 2010); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

B.  Analysis

   1.  *Denial of Amended Section 2255 Motion*

Movant does not object to Judge Baverman's conclusions that Movant's guilty plea waived her "speedy trial" claim and her appeal waiver precludes her Amended Section 2255 Motion, except to the extent Movant's guilty plea was involuntary because of ineffective assistance of counsel.  The Court does not find plain error in these conclusions.  See United States v. Yunis, 723 F.2d 795, 796 (11th Cir. 1984) ("A defendant's plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all *nonjurisdictional* defects in that defendant's court proceedings. . . .  A defendant cannot plead guilty and preserve for appeal a speedy trial claim."); Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) ("[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.").  Movant does not object to Judge Baverman's conclusion that Movant's guilty plea was not involuntary because of ineffective assistance of counsel.  The Court does not find plain error in this conclusion.  See Strickland, 466 U.S. at 694; see also United States v. Knight, 562 F.3d 1314, 1323 (11th Cir. 2009) (holding that constitutional "speedy trial" rights

7

are not implicated until the time between arrest and trial is "presumptively prejudicial," which occurs only when a delay "approaches one year"); United States v. Jackson, 544 F.3d 1176, 1186 & n.15 (11th Cir. 2008) (explaining that statutory "speedy trial" right, under 18 U.S.C. § 3161, is 70 days from defendant's initial appearance in federal court, excluding time during which defendant's and co-defendants' pre-trial motions are pending).  Accordingly, the Court concludes that Movant is not entitled to the relief sought in the Section 2255 Motion.

    2.    *Certificate of Appealability*

A district court "must issue or deny a certificate of appealability [under 28 U.S.C. § 2253(c)] when it enters a final order adverse to the appellant."  See R. Governing § 2255 Cases 11(a).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 4884 (2000).  The Court agrees with Judge Baverman that Movant has not demonstrated that a reasonable jurist could debate whether Movant states a valid claim for relief under 28 U.S.C. § 2255.  Thus, the certificate of appealability is denied.

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Alan J. Baverman's Final Report and Recommendation [327] is **ADOPTED**. Movant's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [310] is **DENIED**.

**IT IS FURTHER ORDERED** that Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [304] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that a certificate of appealability, under Rule 11(a) of the Rules Governing Section 2255 Cases, is **DENIED**.

**SO ORDERED** this 21st day of March, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE