IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VIOLA HILL,

                Petitioner,

      v.                                   1:08-cr-190-WSD

UNITED STATES OF AMERICA,

                Respondent.

## OPINION AND ORDER

This matter is before the Court on Petitioner Viola Hill's ("Petitioner" or "Hill") Motion To Take Mandatory Judicial Notice Under 28 USCS [sic] 2106 And To Vacate Order Based On Opinion and Order Based On [sic] Final Report and Recommendation [350].

### I.   BACKGROUND

On May 13, 2008, a federal grand jury indicted Hill on 24 counts of bank fraud, one count of conspiracy to commit bank fraud, and 24 counts of fraud with identification documents.  On April 24, 2009, Hill pleaded guilty to the conspiracy count and to one count of fraud with identification documents.  Hill agreed to waive her right to appeal her sentence and to challenge her sentence in a collateral

1

proceeding, with the exception that she could pursue a direct appeal if her offense

level under the United States Sentencing Guidelines (the "Guidelines") was greater

than 22.

On February 19, 2010, after finding Hill's offense level to be 28, the Court

sentenced Hill to 109 months in prison and dismissed the remaining counts.  Hill

appealed her sentence.  On appeal, she challenged only the Court's imposition of

the "sophisticated means" enhancement, under § 2B1.1(b)(9)(C) of the Guidelines,

and the "organizer or leader" enhancement, under § 3B1.1(a) of the Guidelines.

On March 16, 2011, the Eleventh Circuit affirmed Hill's conviction and sentence.

On December 22, 2011, Hill filed her motion to vacate under 28 U.S.C.

§ 2255.  On February 1, 2012, Hill moved for leave to file an amended Section

2255 Motion.  The motion for leave was granted, and on March 20, 2012, Hill's

Amended Section 2255 motion was filed (the "Amended 2255 Motion").  In the

Amended 2255 Motion, Hill requested that her sentence be vacated on the

following grounds: (i) she was afforded ineffective assistance of counsel; (ii) she

suffered a violation of her "speedy trial" rights; and (iii) her sentence and

Guidelines range were calculated incorrectly.

On January 17, 2013, Magistrate Judge Alan J. Baverman issued his Report

and Recommendation ("R&R") on Hill's motion to vacate.  Judge Baverman found

that Hill's "speedy trial" claims were waived by her guilty plea.  Judge Baverman

further found that Hill's appeal waiver, to which Hill agreed when she pleaded guilty and which was included as a term of her plea agreement, precludes collateral review, under 28 U.S.C. § 2255, of Hill's sentence, including ineffective assistance and sentence calculation claims, unless Hill succeeded in showing that her guilty plea was involuntary because of the ineffective assistance of counsel.  To determine whether ineffective assistance of counsel rendered Hill's plea involuntary, Judge Baverman applied the two-prong standard set forth in Strickland v. Washington, 466 U.S. 668 (1984): (i) whether counsel's representation was deficient; and (ii) whether Hill was prejudiced by the deficient representation.  Finding that Hill was unable to meet the Strickland standard to show ineffective assistance of counsel, Judge Baverman recommended that Hill's Amended 2255 Motion be denied.

On February 1, 2013, the Court granted Hill's motion for additional time to file objections to the R&R.  Hill did not file any objections within the extended time allowed for filing.  On March 21, 2013, the Court, finding no plain error with the Magistrate Judge's R&R, adopted it and denied Hill's motion to vacate her sentence.

Six months after they were due, on August 22, 2013, Hill filed objections to the R&R.  She also moved, pursuant to Federal Rule of Civil Procedure 60(b), that Court reconsider its March 21, 2013, Order.

3

## II.    DISCUSSION

Hill argues that the Court should reconsider denying her Amended 2255 Motion because the Court did not have the benefit of her objections to the R&R.

### A.    Legal Standard for Reconsideration

Motions for reconsideration under Rule 60(b) only are appropriate where there is "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, fraud, a void judgment, or a judgment that has been satisfied or is no longer applicable.  Fed. R. Civ. P. 60(b).[1]  A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously-filed motion.  See Arthur, 500 F.3d at 1343; O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992); Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003); see also Jones v. S. Pan Servs., 450 F. App'x 860, 863 (11th Cir. 2012) ("A motion to alter or amend a judgment cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment."); Pres. Endangered Areas, 916 F. Supp. at 1560 ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first

---

[1] The Court's Local Rules require motions for reconsideration to be filed "within twenty-eight (28) days after entry of the order or judgment."  LR 7.2E, NDGa. Hill's motion, like her objections, was filed six (6) months after the date required for filing.

time.").  Rule 60(b) motions are left to the sound discretion of the district court.

Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n.5

(11th Cir. 1993).

     B.    Analysis

Hill states that the Court "failed to even acknowledge" her objections to the

R&R, ignoring that her objections were submitted to six months after they were

required to be filed.[2]  Hill does not explain why the filing was six months late,

electing simply to request the Court to vacate its March 21, 2013, consider her

objections to the R&R, and grant her Amended 2255 Motion.  Hill's motion for

reconsideration is untimely, and for this reason alone it is required to be denied.

Even if the reconsideration motion had been timely filed, the Court could not

consider it.  A motion under Rule 60(b) to reconsider the denial of a Section 2255

request runs afoul of the bar on successive Section 2255 petitions.  28 U.S.C.

§ 2255(h) ("A second or successive motion must be certified as provided in section

2244 by a panel of the appropriate court of appeals.").  The Eleventh Circuit held:

> [A] petitioner's Rule 60(b) motion to reopen the judgment 'can be
> regarded as a second or successive application for purposes of
> § 2244(b),' and should be so regarded because '[o]therwise,
> petitioners could evade the bar against relitigation of claims presented
> in a prior application, or the bar against litigation of claims not
> presented in a prior application.' . . . Because a petitioner's attempt to

---

[2] Hill's objections were required to be filed by February 25, 2013.  (See February 1, 2013, Order.)  Hill waited six  months, until August 22, 2013, to file any objections to the R&R.

reopen a final habeas judgment pursuant to Rule 60(b) is to be treated as an application to file a second or successive petition, it ordinarily should be dismissed by the district court pursuant to § 2244(b)(4).

Gonzalez v. Sec'y for Dep't of Corr., 366 F.3d 1253, 1277 (11th Cir. 2004) aff'd on other grounds sub nom. Gonzalez v. Crosby, 545 U.S. 524 (2005) (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998)).  Our Circuit has enumerated two exceptions to this rule: (i) to correct a clerical mistake or (ii) to remedy a fraud the government perpetrated on the federal court.  Gonzalez, 366 F.3d at 1285 – 86.

Hill's motion for reconsideration under Rule 60(b), which is not aimed at correcting a clerical mistake and is not based on remedying a fraud, is a successive petition under Section 2255.  Because Hill has not applied for and received certification from the Eleventh Circuit to file a successive 2255 proceeding, her motion for reconsideration is required to be denied.

The Court observes that even if Hill's motion did not amount to a successive petition, she still does not met the standard for reconsideration under Rule 60(b). Hill does not explain why reconsideration of the Court's order is justified, and she fails to address the Court's conclusion that denying her Section 2255 motion was warranted because she waived her right to challenge her sentence through a collateral attack.  Hill had, in her plea agreement, agreed she could only obtain habeas relief if she demonstrated that her guilty plea was based on ineffective assistance of counsel and was involuntary.  The Court concluded in its

6

March 21, 2013, Order that there was no basis to find that her guilty plea was involuntary, including in light of her statements under oath to the Court at her change of plea hearing that she was freely entering a guilty plea, understood the charges against her, and understood the nature of her plea agreement with the Government.

Hill asserts a variety of arguments in her August 22, 2013, Response to Report and Recommendation that are all generally based on a claim that her counsel was ineffective, including because her counsel did not dispute facts relevant to the calculation of her guideline range and criminal history, and did not move to dismiss the indictment against her.[3]

Although not required to consider Hill's objections to the R&R, the Court has elected to review Hill's ineffective assistance of counsel and involuntary guilty plea arguments.  Hill devotes considerable effort to arguing that her counsel did not properly assist the Court in calculating the correct sentence, failed to cite the relevant sections of the Guidelines, and failed to assert appropriate objections to the Court's errors.  (Pet'r's Response to R&R at 3 – 5, 9, 17 – 18, 19.)  Hill contends that had the Court and her counsel properly applied the sentencing guidelines, she would have received a sentence of 41, rather than 109, months.

---

[3] Hill, on direct appeal, did challenge her guidelines calculation but not on the numerous grounds Hill now argues in her August 22, 2013, submission.

Hill's objections, even if timely made, are not supported by any evidence or argument to support that her counsel was ineffective or that her decision to plead guilty and to enter into an agreement with the Government, in which she waived her right to collaterally attack her sentence, was involuntary.  The Court concludes that, even if Hill's response to the R&R had been timely filed, her Amended 2255 Motion is required to be denied.

Hill has not presented any basis for reconsidering the Court's March 21, 2013, Order, and the Court concludes that its March 21, 2013, Order is not required to be reconsidered.

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner Viola Hill's Motion To Take Mandatory Judicial Notice Under 28 USCS [sic] 2106 And To Vacate Order Based On Opinion and Order Based On [sic] Final Report and Recommendation [350] is **DENIED**.

**SO ORDERED** this 4th day of October, 2013.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE