IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VIOLA HILL,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

1:08-cr-190-WSD

## OPINION AND ORDER

This matter is before the Court on Petitioner Viola Hill's ("Petitioner" or "Hill") "Motion for Court-Supervised Notification for Civil Rule 11 Inquiry and Corrections" [360] (the "Motion").

## I.    BACKGROUND

On May 13, 2008, a federal grand jury indicted Hill on 24 counts of bank fraud, one count of conspiracy to commit bank fraud, and 24 counts of fraud with identification documents.  On April 24, 2009, Hill pleaded guilty to the conspiracy count and to one count of fraud with identification documents.  Hill agreed to waive her right to appeal her sentence and to challenge her sentence in a collateral proceeding, except that she could pursue a direct appeal if her offense level under the United States Sentencing Guidelines (the "Guidelines") was greater than 22.

On February 19, 2010, after finding Hill's offense level to be 28, the Court sentenced Hill to 109 months in prison and dismissed the remaining counts. Hill appealed her sentence. On appeal, she challenged only the Court's imposition of the "sophisticated means" enhancement, under § 2B1.1(b)(9)(C) of the Guidelines, and the "organizer or leader" enhancement, under § 3B1.1(a) of the Guidelines. On March 16, 2011, the Eleventh Circuit affirmed Hill's conviction and sentence.

On December 22, 2011, Hill filed her motion to vacate under 28 U.S.C. § 2255. On February 1, 2012, Hill moved for leave to file an amended Section 2255 Motion. The motion for leave was granted, and on March 20, 2012, Hill's Amended Section 2255 Motion was filed (the "Amended 2255 Motion"). In the Amended 2255 Motion, Hill requested that her sentence be vacated on the following grounds: (i) she was afforded ineffective assistance of counsel; (ii) she suffered a violation of her "speedy trial" rights; and (iii) her sentence and Guidelines range were calculated incorrectly.

On January 17, 2013, Magistrate Judge Alan J. Baverman issued his Report and Recommendation ("R&R") on Hill's motion to vacate. Judge Baverman found that Hill's "speedy trial" claims were waived by her guilty plea. Judge Baverman further found that Hill's appeal waiver, to which Hill agreed when she pleaded guilty and which was included as a term of her plea agreement, precludes collateral

review, under 28 U.S.C. § 2255, of Hill's sentence, including ineffective assistance

and sentence calculation claims, unless Hill succeeded in showing that her guilty

plea was involuntary because of the ineffective assistance of counsel.  To

determine whether ineffective assistance of counsel rendered Hill's plea

involuntary, Judge Baverman applied the two-prong standard set forth in

Strickland v. Washington, 466 U.S. 668 (1984): (i) whether counsel's

representation was deficient; and (ii) whether Hill was prejudiced by the deficient

representation.  Finding that Hill was unable to meet the Strickland standard to

show ineffective assistance of counsel, Judge Baverman recommended that Hill's

Amended 2255 Motion be denied.

On February 1, 2013, the Court granted Hill's motion for additional time to

file objections to the R&R.  Hill did not file any objections within the extended

time allowed for filing.  On March 21, 2013, the Court, finding no plain error with

the Magistrate Judge's R&R, adopted it and denied Hill's motion to vacate.

Six months after they were due, on August 22, 2013, Hill filed objections to

the R&R.  She also moved, pursuant to Federal Rule of Civil Procedure 60(b), that

Court reconsider its March 21, 2013, Order.  Hill argued that the Court should

reconsider denying her Amended 2255 Motion because the Court did not have the

benefit of her objections to the R&R.  Hill also asserted a variety of arguments that

were all generally based on her claim that her counsel was ineffective, including because counsel did not dispute facts relevant to the calculation of her Guidelines range and criminal history.  Hill argued that counsel did not properly assist the Court in calculating the correct sentence, failed to cite the relevant sections of the Guidelines, and failed to assert appropriate objections to the Court's errors.

On October 4, 2013, the Court denied Hill's motion for reconsideration.  The Court found that Hill's motion was untimely, and even if it was timely, a motion under Rule 60(b) to reconsider the denial of a Section 2255 motion runs afoul of the bar on successive Section 2255 petitions.  Because Hill had not applied for and received certification from the Eleventh Circuit to file a successive Section 2255 motion, the Court denied Hill's motion for reconsideration.  Even though it was not required to do so, the Court elected to review Hill's ineffective assistance of counsel claim asserted in her objections, and found that Hill's claims were not supported by any evidence or argument that her counsel was ineffective or that her decision to plead guilty and enter into an agreement with the Government, in which she waived her right to collaterally attach her sentence, was involuntary. The Court concluded that, even if Hill's objections to the R&R had been timely filed, she is not entitled to relief on her Amended 2255 Motion.

On May 19, 2014, Hill filed her Motion, in which she seeks

"court-supervised notification for this Civil Rule 11 inquiry and request for

corrections." (Mot. at 1).

## II.    DISCUSSION

In her Motion, Hill "requests an inquiry and resolution" to "correct ALL

[sic] errors of law in [her] PSR (Presentence Report)." (Motion at 2).  Hill again

asserts that her counsel was ineffective in failing to "correct" errors in her

Presentence Report, which led the Court to calculate incorrectly her criminal

history and the loss amount.  Hill argues that she "received a sentence at least

TWICE [sic] as long as it should have been." (Id.).  Hill also attaches pages from

her Presentence Report, an August 17, 2006, revocation order entered in a state

court criminal matter, and several pages from her August 22, 2013, objections to

the R&R (compare [349] at 5-17 with [360] at 9-21).

Hill merely reiterates, this time under the guise of a "Civil Rule 11 inquiry,"[1]

the arguments raised in her Amended 2255 Motion, which were already considered

---

[1]     To the extent Hill mentions Rule 11 of the Federal Rules of Civil Procedure,
Hill fails to identify any conduct for which her counsel may be sanctioned.
Sanctions may be imposed for violation of Rule 11(b), which requires that an
attorney certify:
> that to the best of the person's knowledge, information, and belief,
> formed after an inquiry reasonable under the circumstances:

and rejected by this Court.  (See, e.g., [327], [333], [352]).  Hill's Motion amounts

to yet another attempt to file a successive Section 2255 petition.  "The

Antiterrorism and Effective Death Penalty Act of 1996 requires that before a

second or successive [§ 2255] motion or petition is filed, the petitioner first must

obtain an order from the court of appeals authorizing the district court to consider

it."  United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (internal citation

omitted); see 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive

application . . . is filed in the district court, the applicant shall move in the

appropriate court of appeals for an order authorizing the district court to consider

the application."); 28 U.S.C. § 2255(h) ("A second or successive motion must be

---

(1)  it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2)  the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3)  the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4)  the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  In her Motion, it is clear that Hill challenges the calculation of her Guidelines range, based on perceived defects in her counsel's performance. A motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure is not the appropriate means to pursue this claim.

certified as provided in section 2244 by a panel of the appropriate court of appeals . . . .").

Hill has not sought leave from the Eleventh Circuit to file a successive Section 2255 motion. "Without authorization [from the Eleventh Circuit], the . . . [C]ourt lacks jurisdiction to consider a second or successive petition." Holt, 417 F.3d at 1175 (citing Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)). Hill's Motion is denied.

## III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner Viola Hill's "Motion for Court-Supervised Notification for Civil Rule 11 Inquiry and Corrections" [360] is **DENIED**.

**SO ORDERED** this 21st day of July, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE